
02/16/2010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| SHARON PEACE YOUNG, § | Case No. 08-41515 | |
| § | (Chapter 13) | |
| Debtor. § | | |
| § | | |
| § | | |
| ERIC D. FEIN, P.C. & ASSOC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Adv. Proc. No. 09-4054 | |
| § | | |
| SHARON PEACE YOUNG, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION REGARDING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Eric D. Fein, P.C. & Associates seeks a nondischargeable judgment against the debtor under 11 U.S.C. §§ 523(a)(2)(A), (a)(5), (a)(6), and (a)(15) or, alternatively, revocation of the debtor's discharge under 11 U.S.C. §§ 727(d) and (e).  This matter is before the Court on the debtor's motion seeking a summary judgment that the plaintiff's claims are time-barred or otherwise fail to state claims upon which relief can be granted. The Court exercises its core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I), (J) and (O).

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c).  Where the non-moving party bears the burden of proof, as in this case, then the party moving for summary judgment bears the initial burden of "informing the

1

[bankruptcy] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex v. Catrett,* 477 U.S. 317, 323 (1986). The non-movant must then present "specific facts showing there is a genuine issue for trial." FED. R. CIV. P. 56(e).

In this case, the parties have essentially stipulated in their pleadings that there is no factual dispute in need of resolution. The defendant seeks summary judgment, and the plaintiff opposes the defendant's motion, based upon the application of appropriate law. For cases in which the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *See, e.g., Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1326 (8th Cir. 1995); *Thompson Everett, Inc. v. Nat'l Cable Advertising, L.P.,* 57 F.3d 1317, 1323 (4th Cir. 1995). The debtor's motion and the plaintiff's response set forth the following body of uncontested facts.

**I. Undisputed Facts**

The debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 13, 2008. The Chapter 13 trustee conducted a meeting of creditors on August 7, 2008. The plaintiff, who is a creditor of the debtor and is listed in the debtor's original bankruptcy schedules, attended the meeting of creditors.

The deadline for filing a complaint to determine the dischargeability of debts or objecting to the debtor's discharge was October 6, 2008. *See* FED. R. BANKR. P. 4007(c). The Court provided notice of this deadline to all creditors and parties in interest, including the plaintiff. The plaintiff did not request an extension of the filing deadline.

The Court entered an order confirming the debtor's reorganization plan on November 7, 2008. On March 6, 2009, the Chapter 13 trustee filed a Report and

2

Recommendation Concerning Claims pursuant to this Court's local rules. The Chapter 13 trustee recommended that the plaintiff's claim be paid as an unsecured claim. The plaintiff objected to this treatment, pointing out that it had obtained an "attorneys' lien" on the debtor's property prior to bankruptcy. The Court entered an order approving the Chapter 13 trustee's recommendation on September 14, 2009.

The plaintiff initiated this adversary proceeding by filing a complaint against the debtor on April 21, 2009. The plaintiff's claims relate to fees owed to it as a result of its representation of the debtor in a prepetition divorce and property settlement. The property settlement agreement provided that the debtor would pay her own attorneys' fees. The debtor, however, failed to pay such fees. Accordingly, the plaintiff sued the debtor in state court and obtained a default judgment against the debtor in the total amount of $183,403.08, consisting of $42,538.90 in actual damages, $7,545.05 in pre-judgment interest, and $133,419.13 in attorney's fees, plus post-judgment interest at the rate of 6% per annum. The plaintiff abstracted the default judgment and placed liens upon the debtor's real and personal property prior to bankruptcy.

**II. Legal Discussion**

Although the plaintiff is a law firm, the plaintiff does not claim any expertise in bankruptcy law. The plaintiff's adversary complaint and motion express (directly or indirectly) confusion about the bankruptcy discharge in Chapter 13 cases. The plaintiff argues, for example, that the debtor's discharge should be revoked when it has not yet been entered. In light of the plaintiff's obvious confusion, and in order to place the Court's analysis in perspective, the Court begins with a basic discussion of the discharge.

A consumer debtor may choose to liquidate under Chapter 7 or reorganize under Chapter 11 or 13 (depending on the amount of outstanding indebtedness). *See* 11 U.S.C. § 109(e). A consumer debtor who successfully liquidates under Chapter 7 will receive a "discharge," which is effectuated by the entry of a discharge order by the bankruptcy court. *See* 11 U.S.C. § 727(a)(1). A consumer debtor who successfully obtains court approval of a reorganization plan under Chapter 11 or 13 generally will receive a discharge following the completion of all payments required by the plan. *See* 11 U.S.C. §§ 1328(a), 1141(d)(5).

The discharge is the "heart of the fresh start provisions" of the Code. H.R. Rep. No. 595, 95th Cong., 1st Sess. 384 (1977) (reprinted in COLLIER ON BANKRUPTCY App. Pt. 4(d)(i)). A discharge under the Code releases a debtor from all debts that arose before the bankruptcy petition, with the exception of certain debts that are "nondischargeable," regardless of whether a claim is filed. *See* 11 U.S.C. §§ 523, 727(b). A discharge also acts as an automatic and permanent injunction against a creditor's attempts to recover those debts which were a personal liability of the debtor prior to bankruptcy. *See* 11 U.S.C. § 524(a).

However, any creditor or party in interest may object to the entry of the discharge. *See* 11 U.S.C. § 727(c). Alternatively, a creditor may seek to establish that the debtor's obligation to that creditor should not be discharged. *See* 11 U.S.C. § 523(c).[1] Section 523(a) sets out the types of debts that are not dischargeable in bankruptcy. Section 523(c), however, provides that the debtor will be discharged from a debt of a kind

---

[1] Prior to its amendment in 2005, § 523(c)(1) included complaints under subsection (a)(15) among those for which a timely complaint was required. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") substantially rewrote subsection (a)(15) and also amended § 523(c)(1) to remove the requirement of a timely complaint for debts under (a)(15). The present case was commenced after the effective date of BAPCPA and, therefore, is governed by the Code as amended by that act.

4

specified in subsection (a)(2) (debts for false representations), (a)(4) (debts for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny), and (a)(6) (debts for willful and malicious injury) unless the court determines such debts to be nondischargeable. A creditor objecting to discharge under § 727(a) or dischargeability under § 523(a)(2), (a)(4), or (a)(6) bears the burden of proof by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 286 (1991). "Intertwined with this burden is the basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start." *Hudson v. Raggio & Raggio, Inc. (In re Hudson)*, 107 F.3d 355, 356 (5th Cir. 1997).

### A. Dischargeability Objections under § 523

1. *Divorce-Related Debts (§ 523(a)(15)) and Debts for Willful and Malicious Injury (§ 523(a)(6)) Are Discharged Upon Successful Completion of the Chapter 13 Plan*

Turning to the discharge in Chapter 13 cases, a Chapter 13 debtor receives what is sometimes referred to as a "super discharge." A Chapter 13 debtor is entitled to discharge of most, but not all, types of prepetition debts upon completion of payments under a Chapter 13 plan – including many of the otherwise nondischargeable debts listed in § 523(a). *See* 11 U.S.C. §§ 1328(a). Certain debts to a spouse, former spouse, or child of the debtor that are not domestic support obligations (§ 523(a)(15)) are among those that may be discharged in a Chapter 13 bankruptcy. *See* 11 U.S.C. §1328(a)(2). The Court, therefore, concludes that the debtor's request for summary judgment should be granted with respect to the plaintiff's § 523(a)(15) claim.

5

Section 1328(a)(2) also provides that debts for willful and malicious injuries under § 523(a)(6) are dischargeable in a Chapter 13 case with one notable exception – when the debtor seeks a hardship discharge under § 1328(b). Rule 4007(d) of the Federal Rules of Bankruptcy Procedure provides:

> On motion by a debtor for a discharge under § 1328(b), the court shall enter an order fixing the time to file a complaint to determine the dischargeability of any debt under § 523(a)(6) and shall give no less than 30 days' notice of the time fixed to all creditors in the manner provided in Rule 2002. On motion of any party in interest after hearing on notice the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

FED. R. BANKR. P. 4007(d). Should the debtor at some time in the future seek a hardship discharge under § 1328(b), the plaintiff will have an opportunity to renew its objection to the dischargeability of its debt, if it so chooses, pursuant to § 523(a)(6).

At this stage in the debtor's case, the plaintiff's § 523(a)(6) claim is not ripe for decision because "resolution of the issue has no meaningful effect until and unless the debtor moves for hardship discharge, a contingency that occurs only in a small percentage of Chapter 13 cases." *Ambassadors Travel Services v. Liescheidt (In re Liescheidt),* 404 B.R. 499, 505 (Bankr. C.D. Ill. 2009). As the *Liescheidt* court explained:

> Where a debtor is proceeding toward a full compliance discharge, that would by definition discharge a Section 523(a)(6) debt, there is no reason to litigate the issue of whether the debt is, in fact, one for a willful and malicious injury. Whether it is or isn't doesn't matter, since it will be discharged either way if the debtor receives a full compliance discharge. Only if the debtor subsequently moves for a hardship discharge, which would not discharge a debt for a willful and malicious injury, would it matter. This principle is embodied in Rule 4007(d), which provides that when a debtor files a motion for hardship discharge, the court shall fix a deadline for creditors to file complaints under Section 523(a)(6) and provide notice of the deadline to all creditors.

6

*Id.* at 504. The same is true in this case. Unless and until the debtor seeks a discharge pursuant to § 1328(b), there is no reason to litigate whether the debt at issue is one for willful and malicious injury. The Court, therefore, concludes that the debtor's motion for summary judgment with respect to the plaintiff's § 523(a)(6) claim should be granted without prejudice in the event the debtor seeks a hardship discharge.

> 2. *Complaints Objecting to Dischargeability Based on False Representations or Actual Fraud ( § 523(a)(2)(A)) Must Be Timely Filed*

In contrast, several of the plaintiff's claims in this case involve causes of action that are not part of the "super discharge." Debts for false representations or actual fraud (§523(a)(2)(A)), for a domestic support obligation (§ 523(a)(5)), as well as several other types of debt not relevant here, may be excluded from discharge in a Chapter 13 case, just as they would be in a Chapter 7 case. *See* 11 U.S.C. § 1328(a)(2). However, the debtor asserts that the plaintiff's § 523(a)(2)(A) claim is barred because the plaintiff failed to timely filed the adversary complaint.

A complaint objecting to dischargeability must be filed no later than 60 days after the first date set for the meeting of creditors. *See* FED. R. BANKR. P. 4007(c). Although the court is empowered to extend the time "for cause," the motion to extend the time must be filed "before the time has expired." *Id.* This restriction on extending the time is expressly excluded from the court's general power to enlarge time periods after the fact. *See* FED. R. BANKR. P. 9006(b)(3). Thus, regardless of the circumstances, the Court has no power, after the bar date for filing a complaint has passed, to extend the time to file a complaint to determine dischargeability of a claim alleged to be excepted from discharge under §§ 523(a)(2)(A).

In its reply to the debtor's summary judgment motion, the plaintiff argues that it obtained an extension of the deadline to object to dischargeability in this case. The Court did not enter an order granting the plaintiff such an extension. Rather, the plaintiff appears to argue that the Court should have understood its motion to file a late proof of claim as a motion to extend the deadline to file objections under §§ 523 and 727 as well. The plaintiff has not provided the Court with any authority to support its argument, and a review of its motion to file a late proof of claim does not support the plaintiff's suggestion that this motion clearly sought additional time to object to discharge or dischargeability. Furthermore, the plaintiff's motion to file a late proof of claim was filed on November 25, 2008 – after the deadline had passed for objecting to discharge or dischargeability.

As the Fifth Circuit explained in *In re Robintech, Inc.,* 863 F.2d 393, 397-98 (5th Cir. 1989):

> The purpose of the bankruptcy laws is quickly and effectively to settle bankrupt estates. *Katchen v. Landy,* 282 U.S. 323, 328 ... (1966). Under the Bankruptcy Code and rules, creditors play a zero-sum game in which a failure to navigate effectively through various intricate procedures can mean total defeat. Moreover, because such procedures are thought to be necessary to protect the bankrupt and the creditors, exceptions cannot be made every time a creditor claims hardship.

*Id.* at 387-98. Although the predecessor to Rule 4007(c) allowed courts to grant a late-filed extension request under circumstances of "excusable neglect," the current Rule 4007(c) does not allow a court that discretion. *Neeley v. Murchison (In re Murchison),* 815 F.2d 345, 346 (5th Cir. 1987). The Fifth Circuit explained the purpose of the current Rule 4007(c) in *Grossie v. Sam (In re Sam)*, 894 F.2d 778 (5th Cir. 1990):

> Obviously, one of the purposes of Bankruptcy Rule 4007(c) and sections 523(a)(3)(B) and 523(c) is to give creditors notice and an opportunity to be heard. Another purpose of the time references in these statutes,

8

> however, is to promote the expeditious and efficient administration of bankruptcy cases by assuring participants in bankruptcy proceedings 'that, within the set period of 60 days, they can know which debts are subject to an exception to discharge.'

*Id.* at 781 (quoting *Neeley,* 815 F.2d at 347-48).

The Court, therefore, concludes that the plaintiff's argument fails. The plaintiff's motion to file a late claim was not a request for an extension of the deadline to file an adversary complaint and, even if it was, the plaintiff filed the motion too late. The plaintiff's adversary complaint was untimely and, therefore, the debtor's request for summary judgment with respect to the plaintiff's § 523(a)(2)(A) claim should be granted.

> 3. *A Debtor's Obligation to Pay Her Own Attorneys' Fees Is Not a "Domestic Support Obligation" (§ 523(a)(5)) Owed to Her Former Spouse*

Although complaints to determine dischargeability under §§ 523(a)(2), (a)(4), and (a)(6) are subject to a deadline, no such deadline exists for complaints under § 523(a)(5). Section 523(a)(5) provides for the nondischargeability of "domestic support obligations." In contrast to the debts to a spouse, former spouse or child specified in § 523(a)(15), which are dischargeable in Chapter 13, debts of the kind specified in § 523(a)(5) are not dischargeable. *See* 11 U.S.C. § 1328(a)(2). Thus, the failure of the plaintiff in this case to file a § 523(a)(5) complaint by the deadline for dischargeability complaints is not dispositive of the dischargeability of the debt in question.

In this case, however, the debtor argues that the plaintiff's § 523(a)(5) claim fails to state a claim upon which relief can be granted, because the debt to the plaintiff is not a "domestic support obligation." The debtor points out that the plaintiff's claim is not based on a fee award granted pursuant to a divorce decree, but upon a default judgment obtained by the plaintiff prior to the debtor's bankruptcy. The debtor argues that this sort

9

of obligation is simply not the in the nature of a domestic support obligation protected from discharge by §§ 523(a)(5) and 1328(a)(2).

The Code defines the term "domestic support obligation as follows:

The term "domestic support obligation" means a debt ... that is-

    (A) owed to or recoverable by-
        (i) *a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative;* or
        (ii) *a governmental unit;*
    (B) in the nature of alimony, maintenance, or support ... of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
    (C) established ... by reason of applicable provisions of-
        (i) a separation agreement, divorce decree, or property settlement agreement;
        (ii) an order of a court of record; or
        (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit;  and
    (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A) (emphasis added).

This definition has not always been applied literally. *See, e.g., In re Rios,* 901 F.2d 71, 72 (7th Cir. 1990) (collecting cases). However, those courts that have addressed the issue seem to agree that a debtor's obligation to pay his or her own attorneys' fees may be discharged in bankruptcy. The bankruptcy court in *Frey, Lach & Michaels, P.C. v. Lindberg (In re Lindberg),* 92 B.R. 481 (Bankr. D. Colo. 1988), for example, held that a debtor's liability for his or her own attorneys' fees incurred in a child support dispute is not a debt owed "to a spouse" for purposes of § 523(a)(5). The Seventh Circuit agreed with this reasoning in *Rios,* explaining that those cases which deny the discharge for attorneys' fees to obtain alimony or child support are based on the theory that the

spouse's or child's expenses of collection are part of the underlying obligation. "That theory cannot stretch to cover fees for an attorney hired by the debtor, unless there is some legal obligation to hire an attorney on behalf of the spouse or child." *Rios*, 901 F.2d at 72. *See also, e.g., In re Brooks*, 371 B.R. 761 (Bankr. N.D. Tex. 2007) (holding that law firm could not assert a claim for non-dischargeable attorneys' fees as either a "domestic support obligation" under §523(a)(5), or a divorce-related debt under §523(a)(15)).

Here, in response to the debtor's motion for summary judgment, the plaintiff argues that its fees were part of the property division between the debtor and her ex-husband. As the plaintiff discusses in its response to the debtor's motion, property settlement debts are protected by the § 523(a)(15) exception, not the § 523(a)(5) exception. *See In re Gamble,* 143 F.3d 223, 226 (5th Cir. 1998); *In re Crosswhite,* 148 F.3d 879, 882 (7th Cir. 1998). The Code permits property settlement debts to be discharged upon the successful completion of all payments under a Chapter 13 plan. *See* 11 U.S.C. § 1328(a). The Court, therefore, concludes that the debtor's obligation to pay her own attorneys' fees does not fall within the scope of the § 523(a)(5) exception to discharge, because the debt is not a debt owed to a former spouse or child for alimony, maintenance, or support t.

### B. Discharge Objections Under § 727

The plaintiff has not articulated an objection to discharge under § 727(a). In its complaint, the plaintiff cites to provisions dealing with the granting and revocation of discharge -- § 727(d) and (e). A discharge has not yet been granted in the underlying bankruptcy case as the debtor has not yet completed all payments required by her plan.

11

In the event the debtor requests the entry of a discharge prior to completing such payments under § 1328(b), as previously discussed, Rule 4007(d) provides that the Court shall notify creditors of the deadline for objecting to the dischargeability of debt under § 523(a)(6). However, to the extent the plaintiff actually intended to object to the debtor's discharge, the Court concludes that the plaintiff's adversary complaint is untimely. *See* FED. R. BANKR. P. 4004(a).

### C. Revocation of Confirmation Under § 1330

In its response to the debtor's motion for summary judgment, the plaintiff seeks revocation of confirmation of the debtor's plan under § 1330. Revocation of confirmation is not among the claims asserted in the plaintiff's adversary complaint. Furthermore, § 1330 requires that a request for revocation of an order of confirmation be brought within 180 days of the confirmation order. *See* 11 U.S.C. § 1330(a). The plaintiff's request, even assuming it is properly before the Court, is untimely.

### D. Attorneys' Fees under § 523(d)

In her response to the adversary complaint and her request for summary judgment, the debtor requests an award of her attorneys' fees pursuant to § 523(d). Section 523(d) provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except the court shall not award such costs and fees if special circumstances make the award unjust.

11 U.S.C. § 523(d). The award of attorney's fees under § 523(d) is within this Court's sound discretion. *See Universal Card Services Corp. v. Akins* (*In re Akins*), 235 B.R.

866, 874-75 (Bankr. W.D. Tex. 1999); *AT&T Universal Card Services, Inc. v. Nguyen* (*In re Nguyen* ), 235 B.R. 76, 91 (Bankr. N.D. Cal. 1999). As the *Nguyen* court noted:

> The court need not find that the plaintiff acted in bad faith or acted frivolously before fees and costs may be awarded. The court must only make the determination that the plaintiff proceeded past a point where it knew, or should have known, that it could not carry its burden of proof. "Substantially justified" has been interpreted to require that the plaintiff-creditor had a reasonable basis both in fact and in law to bring and pursue its nondischargeability action.

*Nguyen*, 235 B.R. at 91 (citations omitted). *See also Pierce v. Underwood*, 478 U.S. 562, 565 (1988) (interpreting "substantially justified" standard in the Equal Access to Justice Act); S. Rep. No. 98-65, at 9 (1983) (describing S.445, the forerunner of § 523(d), as "incorporat[ing] the standard for award of attorney's fees contained in the Equal Access to Justice Act").

Here, the plaintiff has responded to the debtor's request for fees by alleging that the "factual scenario" made the filing of the adversary complaint necessary. The plaintiff further alleges that this Court "directed" it to "file the complaint in addition to the asserted objections." However, the Court did not enter any order directing such an action by the plaintiff. Moreover, the Court finds that the plaintiff's adversary complaint is grounded in its misunderstanding of the Bankruptcy Code and Rules.

**III. Conclusion**

For the foregoing reasons, the Court concludes that the debtor's motion should be granted with respect to the plaintiff's §§ 523 and 727 claims. The plaintiff has failed to establish any genuine issue of material fact for which trial is necessary. With respect to the debtor's request for attorneys' fees, the court will conduct an evidentiary hearing on

the trial date in lieu of the scheduled trial. The Court will enter a separate judgment consistent with this Memorandum Opinion.

Signed on 02/16/2010

*Brenda T. Rhoades*   SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

14