
03/08/2010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| SHARON PEACE YOUNG, § | Case No. 08-41515 | |
| § | (Chapter 13) | |
| Debtor. § | | |
| _____ § | | |
| § | | |
| ERIC D. FEIN, P.C. & ASSOC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Adv. Proc. No. 09-4054 | |
| § | | |
| SHARON PEACE YOUNG, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER REGARDING
DEFENDANT'S REQUEST FOR ATTORNEYS' FEES**

This proceeding is before the Court following a hearing on the defendant's request for an award of her attorney's fees and costs in the total amount of $7,581.47 pursuant to § 523(d) of the Code. The Court scheduled matter to be heard on February 18, 2010. The plaintiff appeared at the hearing and opposed the defendant's request, arguing that its dischargeability complaint was substantially justified under all of the facts and circumstances. The plaintiff alternatively argued that special circumstances would make an award of attorney's fees unjust.

The relevant facts and circumstances are fully addressed in this Court's Memorandum Opinion entered on December 18, 2009, in this adversary proceeding. In sum, the plaintiff initiated this adversary proceeding on April 21, 2009. The plaintiff thereby sought a judgment that the defendant's obligation to pay the plaintiff its fees for

representing her in connection with her divorce is nondischargeable in bankruptcy. As discussed in the December 18th Memorandum Opinion, the plaintiff failed to timely file the adversary complaint and, therefore, the plaintiff's claims against the defendant are barred by limitations as a matter of law.

This decision could not have come as a genuine surprise to the plaintiff. In an effort to aid the plaintiff, whose lawyers admittedly know little of bankruptcy law, the Court noted the limitations issue in a Memorandum Opinion entered on September 2, 2009, in the main bankruptcy case. The September 2nd Memorandum Opinion also pointed the plaintiff to *Loe, Warren, Rosenfield, Katcher, Hibbs, & Windsor, P.C. v. Brooks (In re Brooks)*, 371 B.R. 761 (Bankr. N.D. Tex. 2007), which concluded that the debtor's liability for her own attorney's fees incurred in a divorce proceeding was dischargeable in that case. Moreover, Mr. Fein admitted at the hearing on the defendant's request for her attorney's fees that he was aware of Fifth Circuit authority regarding the limitations period applicable to dischargeability complaints. Mr. Fein deliberately misunderstood, or chose to ignore, Fifth Circuit authority in pursuing this adversary proceeding.

In early December 2009, counsel for the defendant began preparing a motion for summary judgment based on limitations. The defendant filed the motion on December 18, 2009, and the plaintiff filed a response – a response that could generously be described as *confused* – on January 13, 2010. The defendant filed a reply to the plaintiff's response the next day. The defendant incurred approximately $6,000 of the attorneys' fees she is requesting in connection with the summary judgment process.

Section 523(d) provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except the court shall not award such costs and fees if special circumstances make the award unjust.

11 U.S.C. § 523(d). The award of attorney's fees under § 523(d) is within this Court's sound discretion. *See Universal Card Services Corp. v. Akins* (*In re Akins*), 235 B.R. 866, 874-75 (Bankr. W.D. Tex. 1999); *AT&T Universal Card Services, Inc. v. Nguyen* (*In re Nguyen*), 235 B.R. 76, 91 (Bankr. N.D. Cal. 1999). As the *Nguyen* court noted:

> The court need not find that the plaintiff acted in bad faith or acted frivolously before fees and costs may be awarded. The court must only make the determination that the plaintiff proceeded past a point where it knew, or should have known, that it could not carry its burden of proof. "Substantially justified" has been interpreted to require that the plaintiff-creditor had a reasonable basis both in fact and in law to bring and pursue its nondischargeability action.

*Nguyen*, 235 B.R. at 91 (citations omitted).

At the February 18th hearing, the plaintiff argued that the defendant's attorney's fees should be limited to the amount set forth in the statement filed by her attorney in the underlying bankruptcy case pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2016. The plaintiff's argument ignores the distinction between bankruptcy "cases" and "adversary proceedings." The statement filed by counsel for the defendant pursuant to Bankruptcy Rule 2016 related to his fees for representing the defendant in her bankruptcy *case*. In contrast, the fees submitted by the defendant's counsel at the February 18th hearing relate solely to his representation of the defendant in this *adversary proceeding*. "Adversary proceeding" is a term of art used in bankruptcy practice for a lawsuit brought within a bankruptcy case for one or more of the reasons

3

specified in Bankruptcy Rule 7001.  *See, e.g., Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 727 n.1 (4th Cir. 2006).

The plaintiff also argued that an award of attorney's fees would be unjust, because the bankruptcy proceeding was precipitated by the defendant's desire to discharge her obligation to the plaintiff.  However, every single dischargeability complaint involves a creditor whose claim will be discharged in bankruptcy in the absence of a judgment of nondischargeability from this Court.  If you fail to timely file a complaint objecting to the discharge of your debt in bankruptcy, then your complaint is barred by limitations.  The particular limitations period applicable to dischargeability complaints may have been unfamiliar to the plaintiff, but the plaintiff's lawyers are experienced in general litigation and are surely aware of the importance of complying with any applicable limitations period.  Mr. Fein may be a very busy attorney, as he represented to this Court, but his commitments to other clients in other cases does not excuse his failure in this case to conduct the most basic research on the merits of the plaintiff's claims.

The plaintiff's argument that this Court authorized it to bring this proceeding in a "side bar" or "off the cuff" statement made at a hearing on January 7, 2009, is wholly without merit.  The record reflects that a hearing was held on that date on the plaintiff's objection to the defendant's claim of exemptions.  During the questioning of the defendant, the Court recognized that the plaintiff had raised discharge or dischargeablity issues in its objection to exemptions.  The Court pointed out to the parties that these issues require an adversary proceeding, *see* FED. R. BANKR. P. 7001(4) and (6), and the Court stated that she would not consider discharge or dischargeability issues in the context of an objection to exemptions.  The plaintiff could not have reasonably construed

4

the Court's statements – which were on the record –as an invitation for the plaintiff to bring a dischargeability complaint after the expiration of the applicable limitations period.

Finally, it is of no consequence that counsel for the defendant has not submitted his fees and costs to the defendant to pay.  The plaintiff failed to provide this court with any authority to support its argument that counsel's courtesy to his client should prevent an award of such fees and costs under § 523(d).  Indeed, the published cases reflect that an attorney's fees may be awarded under this provision without regard to whether counsel previously submitted a bill to his client.  *See, e.g., In re Bullock* 322 B.R. 176**,** 182 (Bankr. M.D. Ala. 2005) (awarding attorneys' fees pursuant to § 523(d) and ordering counsel for the defendant to submit an application for all accrued fees within 15 days).  Here, counsel for the defendant submitted evidence of his fees and costs at the hearing on February 18, 2010, and the Court, having reviewed the evidence, finds the fees and costs reasonable.

For the foregoing reasons, the Court concludes that the plaintiff was not substantially justified in bringing and pursuing this adversary proceeding.  The Court further concludes that there are no special circumstances that would make an award of the defendant's reasonable attorney's fees unjust.  Accordingly,

**IT IS ORDERED** that, within 14 days of the entry of this order, the plaintiff shall reimburse the defendant the sum of $7,581.47 for her attorney's fees incurred in connection with this matter pursuant to 11 U.S.C. § 523(d).

Signed on 3/8/2010

_Brenda T. Rhoades_    SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE